**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| ABENGOA, S.A. | Case No. 16-10754 ( ) |
| Debtor in a Foreign Proceeding. | |
| Federal Tax ID Number 98-1107844 | |
| ABEINSA ASSET MANAGEMENT, S.L., | Case No. 16-10777 ( ) |
| Debtor in a Foreign Proceeding. | |
| Spanish Tax ID Number B-78654597 | |
| ABEINSA INVERSIONES LATAM, S.L., | Case No. 16-10775 ( ) |
| Debtor in a Foreign Proceeding. | |
| Spanish Tax ID Number B-85719680 | |
| ABEINSA, INGENIERÍA Y CONSTRUCCIÓN INDUSTRIAL, S.A., | Case No. 16-10760 ( ) |
| Debtor in a Foreign Proceeding. | |
| Spanish Tax ID Number A-91251355 | |
| ABENCOR SUMINISTROS S.A., | Case No. 16-10758 ( ) |
| Debtor in a Foreign Proceeding. | |
| Federal Tax ID Number 98-1109461 | |
| NEGOCIOS INDUSTRIALES Y COMERCIALES, S.A., | Case No. 16-10768 ( ) |
| Debtor in a Foreign Proceeding. | |
| Federal Tax ID Number 98-1135977 | |

| | |
|---|---|
| ABENER ENERGÍA, S.A., | ) Case No. 16-10759 ( ) |
|     Debtor in a Foreign Proceeding. | ) |
| Federal Tax ID Number 98-0571759 | ) |
| ABENGOA BIOENERGÍA, S.A., | ) Case No. 16-10763 ( ) |
|     Debtor in a Foreign Proceeding. | ) |
| Spanish Tax ID Number A-91213249 | ) |
| ABEINSA INFRAESTRUCTURAS MEDIO AMBIENTE, S.A., | ) Case No. 16-10762 ( ) |
|     Debtor in a Foreign Proceeding. | ) |
| Spanish Tax ID Number A-41290792 | ) |
| ABENGOA FINANCE, S.A., | ) Case No. 16-10755 ( ) |
|     Debtor in a Foreign Proceeding. | ) |
| Spanish Tax ID Number A-91900266 | ) |
| ABENGOA CONCESSIONS, S.L., | ) Case No. 16-10776 ( ) |
|     Debtor in a Foreign Proceeding. | ) |
| Spanish Tax ID Number B-90108044 | ) |
| ABENGOA SOLAR ESPAÑA, S.A., | ) Case No. 16-10770 ( ) |
|     Debtor in a Foreign Proceeding. | ) |
| Spanish Tax ID Number A-91185314 | ) |
| ABENGOA SOLAR NEW TECHNOLOGIES S.A., | ) Case No. 16-10774 ( ) |
|     Debtor in a Foreign Proceeding. | ) |
| Spanish Tax ID Number A-91492116 | ) |

| | |
|---|---|
| ABENTEL TELECOMUNICACIONES, S.A., | Case No. 16-10764 ( ) |
|     Debtor in a Foreign Proceeding. | |
| Spanish Tax ID Number A-41980178 | |
| ASA DESULFURACIÓN, S.A., | Case No. 16-10778 ( ) |
|     Debtor in a Foreign Proceeding. | |
| Spanish Tax ID Number A-48090823 | |
| BIOETANOL GALICIA, S.A., | Case No. 16-10771 ( ) |
|     Debtor in a Foreign Proceeding. | |
| Spanish Tax ID Number A-36822146 | |
| ECOAGRÍCOLA, S.A., | Case No. 16-10765 ( ) |
|     Debtor in a Foreign Proceeding. | |
| Spanish Tax ID Number A-30751986 | |
| INSTALACIONES INABENSA, S.A., | Case No. 16-10761 ( ) |
|     Debtor in a Foreign Proceeding. | |
| Spanish Tax ID Number A-41692466 | |
| EUROPEA DE CONSTRUCCIONES METÁLICAS, S.A., | Case No. 16-10767 ( ) |
|     Debtor in a Foreign Proceeding. | |
| Spanish Tax ID Number A-41031303 | |
| SIEMA TECHNOLOGIES, S.L., | Case No. 16-10772 ( ) |
|     Debtor in a Foreign Proceeding. | |
| Spanish Tax ID Number B-84023340 | |
| TEYMA, GESTIÓN DE CONTRATOS DE CONSTRUCCIÓN E INGENIERÍA, S.A., | Case No. 16-10769 ( ) |
|     Debtor in a Foreign Proceeding. | |
| Spanish Tax ID Number A-91735852 | |

| | |
|---|---|
| ABENGOA WATER, S.L., ) | Case No. 16-10766 ( ) |
| ) | |
| Debtor in a Foreign Proceeding. ) | |
| ) | |
| Spanish Tax ID Number B-91826958 ) | |
| ABENGOA SOLAR S.A., ) | Case No. 16-10773 ( ) |
| ) | |
| Debtor in a Foreign Proceeding. ) | |
| ) | |
| Spanish Tax ID Number A-91609982 ) | |
| ) | |
| ABENGOA GREENFIELD S.A.U., ) | Case No. 16-10757 ( ) |
| ) | |
| Debtor in a Foreign Proceeding. ) | |
| ) | |
| Spanish Tax ID Number A-90153677 ) | |
| ABENGOA GREENBRIDGE, S.A.U., ) | Case No. 16-10756 ( ) |
| ) | |
| Debtor in a Foreign Proceeding. ) | |
| ) | |
| Spanish Tax ID Number A-90158452 ) | |

**MOTION OF FOREIGN REPRESENTATIVE
REQUESTING JOINT ADMINISTRATION OF THEIR
CHAPTER 15 CASES FOR PROCEDURAL PURPOSES ONLY**

Christopher Morris, in his capacity as the duly authorized foreign representative (the **"Foreign Representative"**) for Abengoa S.A. and certain of its affiliates, the debtors in a foreign proceeding (collectively, the **"Foreign Debtors"**), pending in Spain (the **"Spanish Proceeding"**) in the Commercial Court in Seville, Spain (the **"Spanish Court"**), by and through his undersigned counsel, respectfully submits this motion (the **"Motion"**) for the entry of an order (the **"Order"**), substantially in the form attached hereto as Exhibit A, directing joint administration of the related chapter 15 cases of the Foreign Debtors. In support of the Motion, the Foreign Representative respectfully represents as follows:

4

**JURISDICTION AND VENUE**

1. This This Court has jurisdiction over these cases under sections 1334 and 157 of Title 28 of the United States Code and the "Amended Standing Order of Reference" of the United States District Court for the District of Delaware (Sleet, C.J.), dated February 29, 2012.

2. The Foreign Representative has properly commenced these cases under sections 1504 and 1515 of the Bankruptcy Code. This Petition is a core proceeding under section 157(b)(2)(P) of Title 28 of the United States Code.

3. The Foreign Debtors have their principal assets in this district by virtue of Abengoa, S.A.'s direct or indirect ownership in numerous Delaware companies formed as corporations, limited liability companies, and general partnerships. Additionally, the Foreign Debtors have deposited a retainer with DLA Piper LLP (US) in which each has a pro rata ownership interest. These funds are held in a Wells Fargo bank account in the state of Delaware in accordance with Delaware Rule of Professional Responsibility 1.5. (*See* Martin Decl. ¶ 4.) Additionally, certain of the Foreign Debtors are parties to or guarantors of bonds issued under contracts and agreements governed by U.S. law. Abengoa, S.A. is also a party to various pending legal actions in different states around the country.

4. Venue for these cases is proper in this Court under sections 1410(1) and 1410(3) of Title 28 of the United States Code because the principal assets of the Foreign Debtors in the United States are located in this judicial district. Additionally, venue in this district is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the Foreign Representative.

5. The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code. Relief is also warranted pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and Local Rule 1015-1.

## PROCEDURAL AND FACTUAL BACKGROUND

6. Today, each of the Foreign Debtors filed their respective voluntary petitions for relief under chapter 15 of the Bankruptcy Code and a *Verified Petition Under Chapter 15 for an Order and Final Decree Granting Recognition of Foreign Main Proceedings and Permanent Injunctive and Other Related Relief* (the **"Petition"**) pursuant to section 1515 of the Bankruptcy Code, seeking entry of an order recognizing the Spanish Proceeding as a foreign main proceeding.

7. The detailed factual background relating to the Foreign Debtors, the Foreign Representative, and the commencement of these chapter 15 cases is set forth in the Petition, the *Declaration of R. Craig Martin Regarding Determination of Foreign Law* ("**Martin Declaration**") and the *Declaration of Borja Fernández de Troconiz in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceedings and Permanent Injunctive and Other Related Relief* (the "**Fernández Declaration**").

## RELIEF REQUESTED

8. By this Motion, the Foreign Representative seeks entry of an order directing joint administration of these chapter 15 cases for procedural purposes only. Specifically, the Foreign Representative requests that the Court maintain one file and one docket for all of these chapter 15 cases under the case of "Abengoa, S.A.," Case No. 16-10754, and that these chapter 15 cases be administered under the caption as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 15 |
| ABENGOA, S.A., *et al.*,[1] | ) |
| | ) Case No. 16-10754 (  ) |
| Debtors in a Foreign Proceeding. | ) |
| | ) (Joint Administration Requested) |
| | ) |

[1] The last four digits of the Employer Identification Number or Spanish Tax Number, as appropriate, for each debtor follow in parentheses: Abengoa, S.A. (7844); Abeinsa Asset Management, S.L. (formerly Abener Inversiones, S.L.) (4597); Abeinsa Inversiones Latam, S.L. (formerly Dimange Inversiones 2009, S.L.) (9680); Abeinsa, Ingeniería Y Construcción Industrial, S.A. (1355); Abencor Suministros S.A. (9461); Negocios Industriales Y Comerciales, S.A. (5977); Abener Energía, S.A. (1759); Abengoa Bioenergía, S.A. (3249); Abeinsa Infraestructuras Medio Ambiente, S.A. (formerly Befesa Agua) (0792); Abengoa Finance, S.A. (0266); Abengoa Concessions, S.L. (8044); Abengoa Solar España, S.A. (formerly Solúcar Energía, S.A.) (5314); Abengoa Solar New Technologies S.A. (formerly Solúcar, Investigación y Desarrollo (Solúcar, R&D), S.A.) (2116); Abentel Telecomunicaciones, S.A. (0178); Asa Desulfuración, S.A. (formerly Befesa Desulfuración, S.A.) (0823); Bioetanol Galicia, S.A. (2146); Ecoagrícola, S.A. (1986); Instalaciones Inabensa, S.A. (2466); Europea de Construcciones Metálicas, S.A. (1303); Siema Technologies, S.L. (formerly Telvent Corporation) (3340); Teyma, Gestión De Contratos De Construcción E Ingeniería, S.A. (5852); Abengoa Water, S.L. (formerly Befesa Water Projects S.L) (6958); Abengoa Solar S.A. (formerly Solúcar Solar) (9982); Abengoa Greenfield S.A.U. (3677); Abengoa Greenbridge, S.A.U. (8452).

9.      The Foreign Representative further requests that the Court order that the foregoing caption shall satisfy the requirements set forth in the Bankruptcy Code and the Bankruptcy Rules, including but not limited to subsections 342(a) and (c)(1) of the Bankruptcy Code.

10.     The Foreign Representative also requests that an entry be made on the docket of the remaining Foreign Debtors to reflect the joint administration of these chapter 15 cases that is substantially similar to the following:

> An order has been entered in this case directing joint administration of this chapter 15 case with the chapter 15 case of Abengoa, S.A., Case No. 16-10754. All further pleadings and other papers filed in this case shall be filed in, and all

further docket entries shall be made in, the case of Abengoa, S.A., Case No. 16-10754.

## BASIS FOR RELIEF

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANKR. P. 1015. The Foreign Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. § 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

13. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 15 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Bankruptcy Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Bankruptcy Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

DEL. BANKR. L.R. 1015-1.

14. Joint administration is generally non-controversial, and courts in this District routinely order joint administration in multiple related cases. *See, e.g., In re Essar Steel Algoma Inc.*, Case No. 15-12271 (BLS) (Bankr. D. Del. Nov. 9, 2015); *In re Thane International, Inc.*,

Case No. 15-12186 (KG) (Bankr. D. Del. Oct. 27, 2015); ); *In re Newsat Limited*, Case No. 15-10810 (KJC) (Bankr. D. Del April 16, 2015); *In re Electo Sonic Inc.*, Case No. 14-10240 (MFW) (Bankr. D. Del. Feb. 11, 2014); *In re Pemco World Air Servs., Inc.*, Case No. 12-10799 (MFW) (Bankr. D. Del. Mar. 6, 2012).

15. Given the integrated nature of the Foreign Debtors' operations, joint administration of these chapter 15 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these chapter 15 cases will affect each of the Foreign Debtors. The entry of an order directing joint administration of these chapter 15 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 15 cases with greater ease and efficiency.

16. Moreover, joint administration will not adversely affect the Foreign Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the chapter 15 bankruptcy cases. Parties in interest will not be harmed by the relief requested, but, instead, will benefit the cost reductions associated with the joint administration of these chapter 15 cases. Accordingly, the Foreign Representative submits that the joint administration of these chapter 15 cases is in the best interests of the Foreign Debtors, their creditors, and all other parties in interest.

WHEREFORE, for the reasons set forth herein, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
       March 28, 2016

Respectfully submitted,

**DLA PIPER LLP (US)**

By:  */s/ R. Craig Martin*
R. Craig Martin, Esq. (Bar No. 5032)
1201 North Market Street, 21st Floor
Wilmington, DE 19801
Telephone: 302.468.5700
Facsimile: 302. 778.7834
e-mail: craig.martin@dlapiper.com

- and -

Richard A. Chesley, Esq.
Oksana Koltko Rosaluk, Esq.
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
Phone: 312.368.4000
Fax: 312.236.7516
e-mail: Richard.Chesley@dlapiper.com
       Oksana.KoltkoRosaluk@dlapiper.com

*Attorneys for Foreign Representative of Foreign Debtors, Abengoa, S.A. and its related subsidiary petitioners*